United States District Court
Southern District of Texas
**ENTERED**
September 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CITY OF JAMAICA BEACH, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00241 |
| | § | |
| MARK WILLIAMS, M.D. | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| MILDRED E. WILLIAMS, ET AL., | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff City of Jamaica Beach ("Jamaica Beach") has filed a motion to remand this eminent domain matter to County Court at Law No. 3 of Galveston County, Texas. *See* Dkt. 5. After carefully reviewing the briefing by both parties, analyzing the applicable law, and hearing oral argument, I **RECOMMEND** that the motion to remand be **GRANTED**.

## BACKGROUND

Jamaica Beach originally filed this condemnation case in state court back in November 2018 to acquire an easement on property owned by Defendants Herbert Eugene Williams, the Estate of Herbert Eugene Williams, Mildred Emmett Williams, or the Estate of Mildred Emmett Williams. The operative pleading, the Second Amended Petition for Condemnation, seeks to exercise the power of eminent domain under Texas state law.

Mark Williams ("Williams"), the Independent Executor of the Last Will of Mildred E. Williams, filed a counterclaim in the state court action, alleging that Jamaica Beach's actions amount to a taking without just compensation in violation of procedural and

substantive due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. On July 14, 2020, Williams removed the lawsuit to this Court based on federal question jurisdiction. Williams contends that "there exists a substantial federal question involving the construction and application of constitutional issues and laws of the United States." Dkt. 1 at 9.

## ANALYSIS

Any action initially brought in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Whether a case arises under the Constitution, laws, or treaties of the United States is governed by the well-pleaded complaint rule, which provides that "the plaintiff's federal law claims must appear on the face of the complaint." *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012). *See also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) ("[A] defendant may not [generally] remove such a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("[A] federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint."). Stated another way, "the plaintiff is the master of the complaint . . . [and] may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc v. Williams*, 482 U.S. 386, 398–99 (1987). Accordingly, "[j]urisdiction

may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

Williams contends that his counterclaim for damages under the Fifth and Fourteenth Amendments to the United States Constitution gives rise to federal question jurisdiction. The problem with Williams's position is that the United States Supreme Court has expressly held that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). As the Court in *Holmes Group* explained:

> Allowing a counterclaim to establish "arising under" jurisdiction would . . . contravene the longstanding policies underlying our precedents. First, since the plaintiff is the "master of the complaint," the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the due regard for the rightful independence of state governments that our cases addressing removal require. And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a quick rule of thumb for resolving jurisdictional conflicts.
>
> For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-*or-counterclaim* rule" urged by respondent.

*Id.* at 831–32 (quotations, ellipses, brackets, and citations omitted). Accordingly, Williams's counterclaim against Jamaica Beach cannot serve as the basis for federal question jurisdiction. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748

3

(2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (reaffirming "that a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction").

Here, Jamaica Beach's live pleading raises only state law claims to condemn easements in accordance with certain provisions of the Texas Local Government Code and Texas Property Code. No matter how hard one looks, there is simply no federal claim that appears on the face of the Second Amended Petition for Condemnation. Under the well-pleaded complaint rule, federal question jurisdiction is lacking. *See MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.").

Williams argues that the Supreme Court's recent decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), modifies the well-pleaded complaint rule in takings cases by permitting defendants to remove state eminent domain actions to federal court. I completely disagree. The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. Before *Knick*, a property owner could not resort to a Fifth Amendment takings claim until after seeking redress through available state procedures. *See Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985). *Knick* eliminated *Williamson County's* state-exhaustion requirement. *See Knick*, 139 S. Ct. at 2179 (expressly overruling *Williamson County*'s state litigation requirement). In *Knick*,

the Supreme Court held that "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Id.* at 2167.

Importantly, *Knick* involved an inverse condemnation claim, not a direct condemnation claim as in the present case. "Inverse condemnation is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant." *Id.* at 2168 (internal quotation marks and citation omitted). In contrast, direct condemnation occurs when "the government initiates proceedings to acquire title under its eminent domain authority." *Id.* The Court in *Knick* limited its holding by explaining that it does "not expose governments to new liability; it . . . simply allow[s] into federal court takings claims that otherwise would have been brought as *inverse condemnation suits* in state court." *Id.* at 2179 (emphasis added).

One district court has squarely held that a state eminent domain action cannot be removed to federal court in light of *Knick*. *See Providence City v. Thompson*, No. 1:19-cv-88, 2019 WL 4932759 (D. Utah Oct. 7, 2019). That case perfectly explained the shortcomings in Williams's position:

> [Williams] misinterprets the *Knick* decision in a number of ways. First, the *Knick* decision overruled the state-exhaustion requirement, but it did not convert state eminent domain actions into federal claims. *Knick* opens federal courts to "takings claims that otherwise would have been brought as inverse condemnation suits in state court," but *Knick* does not open federal courts to direct condemnation actions initiated by governments.
>
> Second, *Knick* did not grant defendants in state eminent domain actions the power to remove to federal court. Instead, the *Knick* decision permits "takings plaintiffs" to bring claims in federal court "when the government takes their property without just compensation." This conclusion makes it easier for takings plaintiffs to bring their claims in federal court, but it does not alter the rule that "a cause of action arises under federal law only when

5

> the plaintiff's well-pleaded complaint raises issues of federal law." Nor does it alter the rule that "a counterclaim . . . cannot serve as the basis for arising under jurisdiction." Here, there is no takings plaintiff; this eminent domain action is a direct condemnation action initiated by [Jamaica Beach].

*Id.* at *4 (brackets and citations omitted). I adopt this reasoning here.

The well-pleaded complaint rule is a venerable principle. No language in *Knick* even remotely suggests that the Supreme Court intended to carve out an exception for takings claims and permit state eminent domain defendants to remove a condemnation case to federal court simply by asserting a constitutional claim. In Texas, an eminent domain action must be brought in state court. *See* TEX. PROP. CODE ANN. §§ 21.001, 21.013 (West 2014). Both before and after *Knick*, a defendant cannot remove an eminent domain case filed in state court to federal court.[1] End of story. Because I do not have subject matter jurisdiction, this case must be remanded to the state court where it originated. *See* 28 U.S.C. § 1447(c).

There is one additional issue I need to address. Jamaica Beach requests that I award costs and fees incurred in responding to the Notice of Removal. The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* District courts may award attorney's fees under § 1447(c) only where the removing party lacked

---

[1] The purpose of the state eminent domain process is to provide a property owner just compensation when a condemning authority determines it needs to exercise its eminent domain power and acquire a piece of property. Given that this process is still ongoing, I have real doubts as to whether Williams's constitutional claims are even ripe for review. Even if I assume that the constitutional claims are ripe, Williams can still pursue his constitutional claims in state court. *See Bonner v. Cir. Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) ("where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review").

an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). At first blush, it certainly appears as if Williams had no reasonable basis for removing this case to federal court. As the Fifth Circuit has noted, the Supreme Court in "*Holmes Group* and *Vaden* extinguished any possibility that a counterclaim can establish federal question jurisdiction." *Renegade Swish, LLC v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017). At the same time, Williams makes what I view as a good-faith argument that *Knick* altered the long-standing well-pleaded complaint rule, allowing him to remove the case. Although I do not find his argument persuasive, I am unwilling to impose costs and fees in such a situation.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the motion to remand (Dkt. 5) be **GRANTED**. This case should be remanded to County Court at Law No. 3 of Galveston County, Texas.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 29th day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE